[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] AMENDMENT TO MEMORANDUM OF DECISION FILE STAMPED SEPTEMBER 21, 2000
Page 36 of said decision as noted above is replaced as follows: The first word on page 36 should read "child" not "trial". Accordingly, please replace the epclosed page to correct error.
Corradino, J.
child by the actions of the defendant are then set forth in paragraph 25. Paragraph 25 of each of these counts states that "by so injuring Hannah, the defendant violated C.G.S. § 53-21 et seq." The latter statute and the relevant portion for purposes of this case reads as follows: "Any person who (1) wilfully or unlawfully causes or permits any child under the age of sixteen years to be placed in such a situation that the life or limb of such child is endangered, the health of such child is likely to be injured, or does any act likely to impair the health or morals of any such child. . . . is guilty of a class C felony."
The case of Antinerella v. Rioux, 229 Conn. 479 (1994) noted that in determining whether a statute prohibiting certain conduct also affords a private cause of action the court generally applies the rule of statutory construction that when the legislative has authorized supplementary causes of action it has done so explicitly. Id., p. 495. But right after this observation the court said that in deciding whether a private cause of action can be read into a silent statute . . . "we assess whether the legislature concluded that private interests were amply served without private causes of action." In fact, the case went on to hold that the statutes in question, although they did not explicitly create a private cause of action did in fact entitle the plaintiff in that case "to vindicate his claims through a private cause of action. Id., p. 496. CT Page 12429
A section of the Restatement (Second) Torts deals with this issue. Section 874A states:
 I When a legislative provision protects a class of persons by proscribing or requiring certain conduct but does not provide a civil remedy for the violation, the court may, if it determines that the remedy is appropriate